**UNITED STATES DISTRICT COURT**

DISTRICT OF NEW JERSEY

(609) 989-2182

| | |
|---|---|
| CHAMBERS OF<br>FREDA L. WOLFSON<br>UNITED STATES DISTRICT JUDGE | Clarkson S. Fisher Federal Building &<br>U.S. Courthouse<br>402 East State Street<br>Trenton, New Jersey 08608 |

LETTER OPINION AND ORDER

May 6, 2014

Thomas I. Gage, *pro se*
PO Box 4210
Warren, NJ 07059

Brian P. Wilson, Esq.
State of New Jersey
Office of the Attorney General
Division of Law
25 Market Street
PO Box 112
Trenton, NJ 08625

    RE:  Gage v. Miller, *et al.*
        Civil Action No.: 13-6985 (FLW)

Dear Litigants:

  Before the Court is yet another Complaint filed by Plaintiff Thomas Gage ("Gage" or "Plaintiff") arising out of the foreclosure and sale of his previously owned property at 51 Hillcrest Blvd in Warren, New Jersey. Defendants Hon. Thomas C. Miller ("Judge Miller") and Jennifer M. Perez, Esq. ("Perez") (collectively, "Defendants"), have filed a motion to dismiss the Complaint, which I address in this Letter Opinion and Order. As is common with this Plaintiff, Defendants' motion to dismiss is unopposed. Because I write for the benefit of the parties, who are intimately familiar with the facts of this case, I set forth only those facts and the procedural history relevant to deciding Defendants' motions. Similarly, the legal concepts raised in this Complaint were explained in my previous decisions, and thus I elaborate on the applicable law only where further clarity is needed.

  As the parties well know, in 2008, Gage defaulted on his mortgage for property located at 51 Hillcrest Blvd in Warren, New Jersey (the "Property"), and Wells Fargo Bank, the assignee of the mortgage, filed a foreclosure complaint in the Superior Court of New Jersey. In that state court action, Gage failed to file a responsive pleading or contest the matter in any way. Thus, a final judgment of foreclosure was entered on April 13, 2010. A Sheriff's Sale was then held on July 6,

2010, and the Property was sold to Wells Fargo Bank. Yet, despite these proceedings, Gage refused to leave the Property. Accordingly, Gage and his family were evicted by Somerset County Sheriff Frank J. Provenzano in August, 2011, and the Property was later sold to another party, Luke and Helena Andersen, in October, 2011. Since the foreclosure action, Gage has filed numerous complaints in state and federal court challenging the foreclosure, the sheriff's sale, and his eviction. In resolving a previous complaint—against Wells Fargo and the Andersens, *see Gage v. Wells Fargo Bank*, Civ. No. 12-777, 2013 WL 3443295 (D.N.J. July 9, 2013)—the Court found it necessary and appropriate to issue an All Writs Act, 28 U.S.C. § 1651, injunction against Gage, enjoining Gage, as a *pro se* litigant, from filing any claims against certain defendants and arising out of the foreclosure action of the Property, without prior leave of the Court.

In a Letter Order dated December 13, 2013, in the matter *Gage v. Provenzano, et al.*, Civ. No. 13-2256, I rejected Gage's claims, arising out of the foreclosure action, asserted against (i) Wells Fargo Bank; (ii) Sheriff Frank J. Provezano; (iii) the law firm Fein, Such, Kahn & Shepard, P.C., as well as certain individual attorneys, Nicholas J. Canova, Esq., and Gregg P. Tabakin, Esq.; and (iv) State Judge Mary C. Jacobson. In that same Letter Order, I expanded the scope of the All Writs Act Injunction as follows: "that Gage be enjoined, as a *pro se* litigant, from filing *any* claims involving or arising out of the foreclosure action, sheriff's sale, or subsequent sale to the Andersens, of the property at 51 Hillcrest Blvd in Warren, New Jersey, without prior leave of the Court, including any claims against Wells Fargo, Sheriff Provenzano, Luke and Helena Andersen, and *any* of the attorneys, judges, clerks, or other judicial officers." (Emphasis added.) Because Gage filed the instant Complaint prior to the entry of the Court's All Writs Act Injunction, I briefly address Gage's claims in the Complaint, even though they would otherwise clearly be barred under my injunction.

As in all previous complaints, in the instant Complaint, Gage asserts a variety of claims against Defendants, each arising out of the Defendants' alleged failure to follow proper legal procedures related to the foreclosure and sale of the Property. Again, as I explained in connection with Gage's previously filed claims against another judge–Judge Jacobson–the claims in the instant Complaint against Judge Miller are barred under the doctrine of judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 9 (1991); *see also Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (holding that judicial immunity is an immunity from suit, not just from ultimate assessment of damages). The basis for Gage's claims against Judge Miller arise solely from the exercise of actions taken in his judicial capacity, *i.e.*, entering orders and rendering decisions relating to the ownership of the Property. Thus, Judge Miller is entitled to absolute judicial immunity. *See Howell v. Young*, 530 F. App'x 98, 100 (3d Cir. 2013). For this reason, the claims against Judge Miller are dismissed. Similarly, because Gage's claims against Perez arise out of her actions as a clerk of the court, she is considered a quasi-judicial officer and entitled to the same judicial immunity for her actions. *Marcedes v. Barrett*, 453 F.2d 391, 392 (3d Cir. 1971) (per curiam). Accordingly, Gage's claims against Perez are also dismissed.

In addition to the foregoing reasons, it would appear that Gage's Complaint is barred by the *Rooker-Feldman* doctrine, and the doctrines of collateral estoppel and res judicata, which legal principles I have addressed at length in my previous decisions. Simply put, like Gage's other recently filed pleadings in other actions, the claims brought in the instant Complaint are frivolous and border on vexatious. I therefore reaffirm my previous All Writs Act injunction–which, I note, was affirmed by the Third Circuit in *Gage v. Wells Fargo Bank*, __ F. App'x __, __, 2014 WL

169654, at *3 (3d Cir. 2014).

      Accordingly, for the above stated reasons, the Court **GRANTS** Defendants' motion to dismiss **[5]**, and further **ORDERS**, pursuant to the All Writs Act, 28 U.S.C. § 1651, for the reasons set forth in my decisions on July 9, 2013 and December 13, 2013, as well as the instant Letter Opinion Order, that Gage be enjoined, as a *pro se* litigant, from filing any claims involving or arising out of the foreclosure action, sheriff's sale, or subsequent sale to the Andersens, of the property at 51 Hillcrest Blvd in Warren, New Jersey, without prior leave of the Court, including any claims against Wells Fargo, Sheriff Provenzano, Luke and Helena Andersen, and any of the attorneys, judges, clerks, or other judicial officers.

      **SO ORDERED.**

      Sincerely yours,

      /s/ Freda L. Wolfson
      FREDA L. WOLFSON

      United States District Judge